UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY A. GILBERT,

    Plaintiff,                              Civil Action No. 12-11164
v.                                        HONORABLE DENISE PAGE HOOD

ROSE MACKEY AND JOAN DUDLEY,

    Defendants.
_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, ORDER OF SUMMARY DISMISSAL and ORDER DENYING ANY APPEAL *IN FORMA PAUPERIS*

Plaintiff Gregory A. Gilbert, proceeding *pro se,* filed the instant Complaint, along with an Application to Proceed *In Forma Pauperis*. A review of Gilbert's application supports Gilbert's claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint for failure to state a claim and lack of subject matter jurisdiction.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma*

*pauperis*:

>   Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Liberally construing the Complaint, Gilbert is seeking a review of a January 4, 1996 search warrant and affidavit issued by the Farmington Hills Police Department, claiming that it was authorized without probable cause in violation of Gilbert's constitutional rights under the Michigan and United States Constitutions. Although Gilbert seeks a declaratory judgment in this case under the Declaratory Judgment Act, 28 U.S.C. § 2201, Gilbert's claim is essentially either a 42 U.S.C. § 1983 claim or a habeas claim.[1] In any event, Gilbert has alleged the same claim involving the January 4, 1996 search warrant, under a filing entitled a "Motion for a *Franks* Hearing" in this district, *Gilbert v. Mackey,* Case No. 09-10773 (E.D. Mich)(Steeh). The district judge summarily dismissed the case as frivolous. (Case No. 09-10773, Doc. No. 4) On appeal, the Sixth Circuit issued an order, finding that Gilbert's civil action was frivolous and time-barred by Michigan's

---

[1] Gilbert does not allege that the 1996 search warrant was subject to a criminal prosecution, although there are habeas cases filed in this district with Gilbert's name. Case Nos. 99-72922 (Hood)(habeas); 02-70977 (Hood)(habeas); 03-71143 (Cohn)(habeas); 03-73741 (Rosen)(habeas).

three-year statute of limitations under M.C.L.A. § 600.5805(10). (Case No. 09-10773, Doc. No. 10)

Gilbert again is seeking review of the January 4, 1996 search warrant in this case, under the guise of a Declaratory Judgment action. In addition to the Sixth Circuit's previous finding that this claim is barred by Michigan's three-year statute of limitations under M.C.L.A. § 600.5805(10), this Court also declines to exercise its jurisdiction to review the matter under the Declaratory Judgment Act. The Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading may declare the rights and other legal relationships of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). The language of the Act affords the district court *discretion* in determining whether and when to entertain an action under the Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites. *Travelers Indemnity Co. v. Bowling Green Professional Assoc.,* 495 F.3d 266, 271 (6th Cir. 2007). The Act does not confer jurisdiction upon federal courts; a complaint seeking relief under this Act must state an independent source of jurisdiction. *Cobb v. Ghee,* 149 F.3d 1182, 1998 WL 384496 (6th Cir. June 18, 1998)(unpublished)(An action under the Declaratory Judgment Act may be construed under 42 U.S.C. § 1983). The Court declines to exercise its discretion to review Gilbert's claim because the claim is time-barred and fails to state a claim upon which relief may be granted.

Accordingly, for the reasons set forth above,

IT IS ORDERED that the Application to Proceed *In Forma Pauperis* (**Doc. No. 2, 3/15/2012**) is GRANTED.

IT IS FURTHER ORDERED that the Complaint is DISMISSED with prejudice.

IT IS FURTHER ORDERED and certified that any appeal from this decision would be frivolous and not in good faith. An appeal may not be taken *in forma pauperis* under 28 U.S.C. § 1915(a)(3).

                    S/Denise Page Hood
                    Denise Page Hood
                    United States District Judge

Dated: March 26, 2012

I hereby certify that a copy of the foregoing document was served upon Gregory A. Gilbert, 118 1/2 S Washington Street, Owosso, MI 48867-2922 on March 26, 2012, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager